J-S29005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MONTELLE J. BROWN | : | |
| Appellant | : | No. 423 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 14, 2022
In the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000361-2021

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                     **FILED:  October 14, 2022**

Montelle J. Brown appeals from the judgment of sentence entered in the Crawford County Court of Common Pleas following his guilty plea to rape by forcible compulsion.[1] Additionally, Brown's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel permission to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Judgment of sentence was originally entered in this matter on February 22, 2022. However, by order filed on March 14, 2022, the trial court entered an "Amended Sentence Order," which removed a provision for reentry supervision from Brown's sentence. The caption reflects the final judgment of sentence date. ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (correcting caption to reflect that appeal properly lies from judgment of sentence).

The Commonwealth and Brown negotiated a plea agreement whereby Brown would plead guilty to two counts of rape by forcible compulsion in exchange for entry of a *nolle prosequi* on twenty other counts. The plea agreement included the following agreement regarding sentencing:

> [Brown] cannot seek less than 11 [and one-half] years on the minimum end and the Comm[onwealth] cannot seek more than 13 years on the minimum end. The [s]entence would run concurrent to [Brown's sentence at] CR 337-2020 starting from the date of the sentence.

Plea Agreement Form, 11/12/2021.

The trial court accepted the guilty plea after administering an oral colloquy to Brown, and considering Brown's signed, written plea colloquy.

On February 22, 2022, after a hearing, the trial court sentenced Brown, in accordance with the agreement, to an aggregate term of one-hundred and fifty-six (thirteen years) to four-hundred and eighty months' incarceration, to run concurrent to Brown's sentence at CR 337-2020. At the same hearing, the trial court designated Brown as Sexually Violent Predator ("SVP"), and ordered him to comply with registration and notification requirements pursuant to Pennsylvania's Sex Offender Registration and Notification Act ("SORNA").[2]

Brown filed a timely post-sentence motion for reconsideration of sentence, in which he argued a minimum sentence of thirteen years was excessive due to his prior record, acceptance of guilt, and failure to post bail.

---

[2] 42 Pa.C.S.A. §§ 9799.10-9799.75.

The trial court denied the motion, finding the sentence was proper under the negotiated plea agreement.

Brown's privately retained counsel subsequently filed a motion to withdraw as counsel, and for the appointment of appellate counsel, stating Brown had informed him that he wished to file an appeal but could not afford counsel. The trial court granted the motion to withdraw as counsel and appointed appellate counsel.

Appointed counsel then filed a timely notice of appeal. In lieu of a concise statement, counsel later filed a statement concluding Brown's appeal was frivolous and without merit. Counsel subsequently filed a motion to withdraw as counsel, along with an *Anders* brief raising the following issue:

Did the court abuse its discretion in imposing a sentence of 156 months to 480 months.

Anders Brief, at 4.

We turn first to counsel's petition to withdraw. To withdraw pursuant to *Anders*, counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). To inform Brown of his rights in light of counsel's withdrawal, counsel was required to attach to the petition to withdraw a copy

- 3 -

of the letter sent to Brown advising him of his rights. ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

> An ***Anders*** brief must comply with the following requirements:
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

We find counsel has substantially complied with the preliminary requirements set forth in ***Anders***. Counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Brown's appeal is frivolous. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Brown, and his assessment of why those issues are meritless, with citations to relevant legal authority. While counsel did not attach a copy of the letter sent to Brown advising him of his rights to the petition to withdraw, counsel did attach a copy of the letter to his ***Anders*** brief, filed on the same date. The letter informs Brown that counsel reviewed the record, found the appeal wholly frivolous, and advised Brown that he has the right to retain new counsel in

pursuit of his appeal or proceed *pro se* and that he has the right to submit any additional issues he believes are meritorious.

Counsel has thus substantially complied with the requirements of **Anders**. Brown did not file a response. We may proceed to review the issues outlined in the **Anders** brief.

The only issue in the **Anders** brief presents a challenge to the discretionary aspects of Brown's sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Brown preserved his issue through a timely post-sentence motion for reconsideration of sentence, and filed a timely appeal. However, counsel has failed to include a Pa.R.A.P. 2119(f) statement. "Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate

Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

Because Brown pled guilty, we must examine the effect of his guilty plea upon his sentencing claim. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

> It is well settled when the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

*Id*. (citation omitted)

Here, Brown negotiated the terms of his guilty plea, including a set range that his minimum sentence could fall within. After accepting his plea, the trial court sentenced him to a minimum sentence within the agreed-upon range. Brown did not challenge the validity of the plea proceedings or move to withdraw his plea. Therefore, Brown received a sentence for which he

bargained, and cannot challenge the discretionary aspects of that sentence. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms … the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea"); *see also Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (dismissing Appellant's appeal of discretionary aspects of sentence where she received precisely what she was promised under the terms of her negotiated plea agreement); *Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004) (finding an appellant may not challenge the discretionary aspects of his sentence when his negotiated plea included the terms of his sentence). Accordingly, Brown is not entitled to relief on a discretionary aspects claim.[3]

_____

[3] In as much as Brown claims the court did not consider certain mitigating evidence, this is belied by the record. The trial court considered all relevant information, including reviewing a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must:

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is

*(Footnote Continued Next Page)*

Brown's challenge to the discretionary aspects of his sentence is meritless. Our independent review of the record reveals no other, non-frivolous issues that he could raise on appeal.

We affirm Brown's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2022

---

particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992). The trial also thoroughly articulated its reasons for its sentence on the record. *See* N.T., SVP Hearing and Sentence Hearings, 2/22/2022, at 32-36.